IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re | : Chapter 11 |
| CHISHOLM OIL AND GAS OPERATING, LLC, *et al.*, | : Case No. 20–11593 (BLS) |
| Debtors.[1] | : (Jointly Administered) |
| | : Objection Deadline: July 23, 2020 at 4:00 p.m. (ET) |
| | : Hearing Date: August 4, 2020 at 10:00 a.m. (ET) |

---

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C §§ 105(a), 327, AND 330 FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS**

Chisholm Oil and Gas Operating, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. On June 17, 2020 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. On July 1, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") [Docket No. 90].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chisholm Oil and Gas Operating II, LLC (8730); Chisholm Oil and Gas Operating, LLC (5382); Cottonmouth SWD, LLC (9849); Chisholm Oil and Gas Nominee, Inc. (1558); and Chisholm Oil and Gas Management II, LLC (8174). The Debtors' mailing address is 1 West Third Street, Suite 1700, Tulsa, OK 74103.

1

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Matthew J. Henry in Support of Debtors' Chapter 11 Petitions and First Day Relief*, dated June 18, 2020 [Docket No. 15] (the "**Henry Declaration**").[2]

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6. By this Motion, pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtors request authority to employ professionals retained in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Henry Declaration.

without the submission of separate employment applications or the issuance of separate retention orders for each professional.

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Proposed Procedures for Employment of Ordinary Course Professionals

8.  The Debtors seek authority to continue employing Ordinary Course Professionals to provide a variety of professional services to the Debtors' estates in the same manner and for the same or similar purposes as the Ordinary Course Professionals were retained prior to the Petition Date. These Ordinary Course Professionals provide the Debtors with a range of services relating to litigation, general corporate, oil and gas, tax, and accounting issues and matters as well as other issues and matters that have a direct and significant impact on the Debtors' day-to-day operations. Continued employment of these Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

9.  The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**OCP Procedures**") are in the best interests of the Debtors' estates and creditors. The relief requested will save the Debtors the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final applications during these chapter 11 cases.

10. Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following OCP Procedures:

a. Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtors will be authorized to employ the Ordinary Course Professionals listed on Exhibit 1 annexed to the Proposed Order in accordance with the OCP Procedures, effective as of the Petition Date.

b. Each Ordinary Course Professional will provide the Debtors' attorneys within 30 days after the later of (i) the date of entry of the Proposed Order or (ii) the date on which the Ordinary Course Professional commences rendering services for the Debtors, with a declaration, substantially in the form annexed as Exhibit 2 to the Proposed Order (the "**OCP Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is to be employed.

c. The Debtors' attorneys will file the OCP Declaration with the Court and serve a copy upon (i) the U.S. Trustee, (ii) counsel to the RBL Agent, (iii) counsel to the RBL Collateral Agent, and (iv) counsel for the Creditors' Committee (collectively, the "**Reviewing Parties**").

d. The Reviewing Parties will have 14 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

e. If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided*, *however*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within 20 calendar days, the Debtors will schedule the matter for a hearing before the Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

f. The Debtors may seek to retain additional Ordinary Course Professionals throughout these cases by (i) including each additional Ordinary Course Professional on a supplement to Exhibit 1 to the Proposed Order that is filed with the Court and served on the Reviewing Parties and (ii) having such additional Ordinary Course Professional comply with the OCP Procedures.

g. Once an Ordinary Course Professional is retained in accordance with these OCP Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and the expenses

      actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the Ordinary Course Professional's total compensation and reimbursement will not exceed $50,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").

h.     Notwithstanding the foregoing, the Debtors believe that it may be appropriate in certain instances to allow a monthly cap in excess of the Monthly Fee Cap for any Ordinary Course Professional that may exceed such cap amount but that should not otherwise be required to follow the payment procedure applicable to the formally retained professionals. If the Debtors are able to obtain the agreement of the Reviewing Parties to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of increased Monthly Fee Cap (the "**Cap Increase Notice**"), and the increased Monthly Fee Cap will be deemed approved upon the filing of such Cap Increase Notice, without further action by the Court. Absent such an agreement of the Reviewing Parties, if the Monthly Fee Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for allowance of the full amount of its compensation and reimbursement for the applicable time period in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Procedures, any other procedures and orders of the Court. The U.S. Trustee reserves the right to request that any Ordinary Course Professional that is regularly exceeding the Monthly Fee Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such Ordinary Course Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (effective as of November 1, 2013) in connection with such Fee Application and/or retention application.

i.     Each Fee Application will be served upon the Reviewing Parties. The Reviewing Parties will then have 15 days to object to the Fee Application. If, after 15 days, no objection is filed, the fees and expenses requested in the Fee Application will be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and expenses without the need for further action from such Ordinary Course Professional.

j.     At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending September 30, 2020, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the

amounts invoiced and amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter broken down by month, (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date, and (iv) a general description of the services rendered by that Ordinary Course Professional.

## Relief Requested Should Be Granted

11. A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. Section 327(e) of the Bankruptcy Code further provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

12. Section 330 of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330. Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a).

13. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals has an interest materially adverse to the Debtors, their creditors, or other parties in interest that should preclude such professional from continuing to represent the Debtors on such matters. Further, attorneys that have been retained by the estate pursuant to section 327(e) are not required to be "disinterested." *See, e.g., In re Licking River Mining, LLC*, 562 B.R. 351, 355 (Bankr. E.D. Ky. 2016) ("Employment under section 327(e)

eliminates the disinterestedness requirement."); *In re Polaroid Corp.*, 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (holding that section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); *In re J.S. II, LLC*, 371 B.R. 311, 317 (Bankr. N.D. Ill. 2007) (stating that the "conflict of interest standard in section 327(e) is more relaxed than the standard embodied in section 327(a)"); *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (holding that counsel was not disqualified under section 327(e) because it held a prepetition claim); *In re Albert*, 206 B.R. 636, 644 (Bankr. D. Mass. 1997) (distinguishing the disinterestedness requirement in subsection 327(a) from the adverse interest requirement of subsections 327(c) and (e)).  Accordingly, the Court may authorize the retention of the Ordinary Course Professionals.

14.  Here, in light of the additional costs associated with the potential preparation of employment applications for each Ordinary Course Professional that will receive relatively small fees, it is impractical and economically inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as would otherwise be required.  Accordingly, the Debtors request that the Court implement the streamlined OCP Procedures described herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

15.  Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution and administration of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of the Court.

16. For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the Debtors to employ the Ordinary Course Professionals in accordance with the OCP Procedures.

## **Reservation of Rights**

17. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iv) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (v) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

## **Notice**

18. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) proposed counsel to the Creditors' Committee; (iii) counsel to the RBL Agent; (iv) counsel to the RBL Collateral Agent; (v) counsel to the Term Loan Agent; (vi) counsel to the Consenting Sponsors; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 9, 2020
      Wilmington, Delaware

*/s/ S. Alexander Faris*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Emails: mbcleary@ycst.com
        jchapman@ycst.com
        afaris@ycst.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*