**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re                                                     :     Chapter 11
                                                          :
CHISHOLM OIL AND GAS OPERATING,    :     Case No. 20–11593 (BLS)
LLC, *et al.*,                                         :
       Debtors.[1]                              :     (Jointly Administered)
                                                        :     Re: Docket No. ____
------------------------------------------------------------- x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 330 AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS

Upon the motion, dated July 9, 2020 (the "**Motion**")[2] of Chisholm Oil and Gas Operating, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code for entry of an order authorizing the Debtors to employ Ordinary Course Professionals, effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional, all as more fully set forth in the Motion; and upon consideration of the Henry Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chisholm Oil and Gas Operating II, LLC (8730); Chisholm Oil and Gas Operating, LLC (5382); Cottonmouth SWD, LLC (9849); Chisholm Oil and Gas Nominee, Inc. (1558); and Chisholm Oil and Gas Management II, LLC (8174). The Debtors' mailing address is 1 West Third Street, Suite 1700, Tulsa, OK 74103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, to retain, employ, and compensate the Ordinary Course Professionals listed on **Exhibit 1** annexed hereto in accordance with the following OCP Procedures, effective as of the Petition Date:

   a. Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtors shall be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** annexed to this Order in accordance with these OCP Procedures, effective as of the Petition Date.

   b. Each Ordinary Course Professional shall provide the Debtors' attorneys within 30 days after the later of (i) the date of entry of this Order or (ii) the date on which the Ordinary Course Professional commences rendering services for the Debtors, with a declaration, substantially in the form annexed as **Exhibit 2** hereto (the "**OCP Declaration**"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is to be employed.

   c. The Debtors' attorneys shall file the OCP Declaration with this Court and serve a copy upon (i) the U.S. Trustee, (ii) counsel to the RBL Agent, (iii) counsel to the RBL Collateral Agent, and (iv) counsel for the Creditors' Committee (collectively, the "**Reviewing Parties**").

   d. The Reviewing Parties shall have 14 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the

      other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

e.     If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further order of this Court; *provided*, *however*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within 20 calendar days, the Debtors shall schedule the matter for a hearing before this Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

f.     The Debtors may seek to retain additional Ordinary Course Professionals throughout these cases by (i) including each additional Ordinary Course Professional on a supplement to **Exhibit 1** hereto that is filed with this Court and served on the Reviewing Parties and (ii) having such additional Ordinary Course Professional comply with the OCP Procedures.

g.     Once an Ordinary Course Professional is retained in accordance with these OCP Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however,* that the Ordinary Course Professional's total compensation and reimbursement shall not exceed $50,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").

h.     In the event that an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap for any month during these chapter 11 cases, but the Debtors believe the Ordinary Course Professional should not otherwise be required to follow the payment procedure applicable to the formally retained professionals, the Debtors may seek the agreement of the Reviewing Parties to a higher cap for any such Ordinary Course Professional. If the Debtors are able to obtain such agreement of the Reviewing Parties, the agreement would be evidenced by the filing of a notice of increased Monthly Fee Cap (the "**Cap Increase Notice**"), and the increased Monthly Fee Cap shall be deemed approved upon the filing of such Cap Increase Notice, without further action by this Court. Absent such an agreement of the Reviewing Parties, if the Monthly Fee Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for allowance of the full amount of its compensation and reimbursement for the applicable time period in

3

        compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Procedures, any other procedures and orders of this Court. The U.S. Trustee reserves the right to request that any Ordinary Course Professional that is regularly exceeding the Monthly Fee Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such Ordinary Course Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (effective as of November 1, 2013) in connection with such Fee Application and/or retention application.

    i.    Each Fee Application shall be served upon the Reviewing Parties. The Reviewing Parties shall then have 15 days to object to the Fee Application. If, after 15 days, no objection is filed, the fees and expenses requested in the Fee Application shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and expenses without the need for further action from such Ordinary Course Professional.

    j.    At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending September 30, 2020, the Debtors shall file with this Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the amounts invoiced and amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter broken down by month, (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date, and (iv) a general description of the services rendered by that Ordinary Course Professional.

3.    Entry of this Order and approval of the OCP Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, in accordance with the OCP Procedures, and the Debtors reserve all of their rights with respect thereto.

4.    The monetary caps set forth in the OCP Procedures are without prejudice to the Debtors' ability to request that this Court increase the terms of such caps at a later time.

5.    The form of OCP Declaration is approved.

6. Nothing contained in the Motion or this Order nor any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **Exhibit 1**

**List of Ordinary Course Professionals**

| Name | Address | General Description |
|---|---|---|
| VINSON & ELKINS L.L.P. | 1001 Fannin St, Houston, TX 77002 | General Corporate Counsel |
| GRANT THORNTON LLP | 2431 East 61st Street, Suite 500, Tulsa OK 74136 | Tax and Fresh Start Accounting Services |
| PERRI DUNN | 100 N Broadway Ave Suite 3280 Oklahoma City, OK 73102 | Litigation Counsel |
| BARNES LAW PLLC | 1648 South Boston Ave. Suite 100, Tulsa, OK 74119 | Regulatory Counsel |
| BROADWAY & ELMER LLC | 42 West Street, Suite 308, Brooklyn, New York 11222 | General Corporate Counsel |
| DELOITTE TAX LLP | 1950 N. Stemmons Freeway, Suite 5010, Dallas TX 75207 | Tax Advisors |
| DOERNER SAUNDERS DANIEL | 2 W 2nd St #700, Tulsa, OK 74103 | Litigation Counsel |
| REED SMITH | 2850 N. Harwood Street, Suite 1500, Dallas TX 75201 | Litigation Counsel |
| SPILMAN THOMAS & BATTLE, PLLC | 300 Kanawha Boulevard, East, Charleston, WV 25301 | Litigation Counsel |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Blvd, Bridgeport, West Virginia 26330 | Litigation Counsel |
| OPPORTUNE, LLC | 711 Louisiana Street, Suite 3100, Houston, TX 77002 | Accounting Advisors |

| **Name** | **Address** | **General Description** |
|---|---|---|
| ELIAS, BOOKS, BROWN & NELSON | Two Leadership Square, 211 North Robinson Avenue, Suite 1300, Oklahoma City, OK 73102 | Litigation Counsel |
| HALL, ESTILL, HARDWICK GABLE | 320 South Boston Avenue, Suite 200 Tulsa, OK 74103 | Oil and Gas/Litigation Counsel |

**<u>Exhibit 2</u>**

**OCP Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
**CHISHOLM OIL AND GAS OPERATING,**                          :    Case No. 20–11593 (BLS)
**LLC,** *et al.***,**                                       :
        Debtors.[1]   :    (Jointly Administered)
------------------------------------------------------------ x

**DECLARATION AND DISCLOSURE STATEMENT OF _____,
ON BEHALF OF _____**

I, _____, hereby declare, pursuant to section 1746 of title 28 of the United States Code, that the following is true to the best of my knowledge, information, and belief:

    1.    I am a **[insert title]** of **[firm]** located at **[street, city, state, zip code]** (the "**Firm**").

    2.    This declaration (the "**Declaration**") is submitted in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, and 330 Authorizing Debtors to Employ Professionals Used in Ordinary Course of Business* [Docket No. \_\_\_] (the "**OCP Order**"). Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

    3.    Chisholm Oil and Gas Operating, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chisholm Oil and Gas Operating II, LLC (8730); Chisholm Oil and Gas Operating, LLC (5382); Cottonmouth SWD, LLC (9849); Chisholm Oil and Gas Nominee, Inc. (1558); and Chisholm Oil and Gas Management II, LLC (8174).  The Debtors' mailing address is 1 West Third Street, Suite 1700, Tulsa, OK 74103.

**[description of type of services]** services to the Debtors, and the Firm has consented to provide such services.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons who are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, its attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

7. The Debtors owe the Firm $_____ for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code.

8. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtors. [A copy of such agreement is attached as Exhibit A to this Declaration.]

3

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 2020

By: _____